IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GUADALUPE BEERBOHM, | CASE NO. |
| Plaintiff, | |
| vs. | |
| | COMPLAINT |
| WHOLESTONE FARMS COOPERATIVE, INC. | |
| Defendant. | |

## NATURE OF THIS ACTION

This action arises under the Americans with Disabilities Act, Age Discrimination in Employment Act, Title VII of Civils Right Act of 1964 based on national origin, Section 1981 racial discrimination claim and state claims for Retaliatory Discharge/Retaliation for Pursuing Workers' Compensation Claim and Intentional Infliction of Emotional Distress, wherein Guadalupe Beerbohm (Plaintiff) seeks damages against her employer, Wholestone Farms Cooperative, Inc.

## JURISDICTION & VENUE

1. Jurisdiction of this Court is invoked as federal claims under the ADA, Age Discrimination Act, Title VII of the Civil Rights Act of 1964 and Section 1981 racial discrimination claim have been made. Further the Court has supplemental jurisdiction over the state claims pursuant to 28 USC § 1367.

2. Prior to filing this action, on or about March 21, 2022, Plaintiff filed a charge against Defendant for discrimination based on national origin, age, disability, and in retaliation for making an accommodation request with

1

the Nebraska Equal Opportunity Commission (NEOC) and the United States Equal Employment Opportunity Commission (EEOC).

3. Plaintiff received a right to sue letter attached hereto as Exhibit 1 from the EEOC, on approximately May 12, 2023.

4. Venue is proper as all actions alleged below were committed in the state of Nebraska.

## PARTIES

5. Plaintiff, is, and at all relevant times herein, a resident of Ames, Dodge County, Nebraska.

6. Wholestone Farms Cooperative is a limited liability corporation conducting business in Fremont, Dodge County, Nebraska.

## STATEMENT OF CLAIM

7. Plaintiff re-alleges the allegations of paragraphs 1 through 6 as if set forth verbatim herein.

8. Plaintiff was hired by Hormel on August 1, 2011. Wholestone Farms purchased and took over the Hormel plant in 2018.

9. On or about December 4, 2019 Plaintiff injured her right shoulder in the course and scope of her employment.

10. Following her workplace place injury, Plaintiff endured constant and continual harassment from her supervisors Travis Eggleston and Terry Eggleston, including her supervisors staring at her laughing at her or making insensitive and crude remarks to Plaintiff.

11. Plaintiff's supervisors would tell her to work faster, although she had injuries pertaining to her shoulder. The supervisors also made comments implying she was old and slow.

2

12. Plaintiff's supervisors would deny her bathroom breaks, but allow other employees, some of those being younger, bathroom breaks when requested.

13. Plaintiff's supervisors would criticize her work production, using profane language and on one occasion threw a pork loin at her.

14. Plaintiff injured her back at work in August of 2021. Instead of allowing her to rest in the nurse's station, her supervisors ordered Plaintiff out of the building. Although Plaintiff was in great pain, she had to lay down outside and wait for her husband to arrive. The pain was so intense an ambulance had to take Plaintiff from the scene.

15. Doctors placed her on restrictions and on light duty.

16. Plaintiff's supervisors again criticized her work following the work place injury requesting and/or requiring her to work faster. She was told to do her job and not ask questions.

17. Plaintiff requested she be given other duties or jobs but her requests were denied.

18. As a result she had to conduct duties outside the restrictions her doctors mandated due to her work injury and endured through constant pain while conducting her job duties.

19. A co-employee, a girlfriend of one of her supervisors, threatened to punch Plaintiff after Plaintiff reported that the employee was using a contaminated bag.

20. The co-employee would also deny Plaintiff bathroom breaks and use profane language directed towards Plaintiff.

21. Terry Eggleston, a supervisor of Plaintiff, got mad at Plaintiff, backed her up towards a wall with his fist raised like he was going to strike Plaintiff.

22. Terry Eggleston stated: "Spanish always make problems."

23. The above incidents were reported to Human Resources, but Plaintiff asserts no disciplinary action was taken against said co-employee or supervisors.

24. On January 20, 2022, Plaintiff met with Marcy Darmento, Vice President of Human Resources pertaining to the complaints she had with her supervisors and co-workers. During that meeting Plaintiff described the physical pain she was in with regards to her workers compensation claims. At said meeting Plaintiff asserted the pain was so intense that sometimes she wanted to kill herself. Ms. Darmento asserted if she had further complaints with regards to her supervisors or co-employee that she could contact her.

25. No disciplinary actions were taken against Plaintiff's supervisors or her co-employee.

26. On January 27, 2022, less than a week after the meeting with Ms. Darmento, Plaintiff was brought into a meeting wherein she was told she was a dangerous person and that she needed to sign several forms, including a personal improvement plan. Plaintiff is in receipt of letter drafted by Ms. Darmento wherein Ms. Darmento falsely asserts Plaintiff stated she wanted to kill her co-workers and that Plaintiff's husband also wanted to kill Plaintiff's co-workers.

27. During the January 27, 2022 meeting, Plaintiff requested she have the opportunity to have her husband review the documents and/or have a Spanish interpreter read and explain the documents. The Employer refused.

28. Plaintiff was aware of past Hispanic employees signing documents printed in English and then shortly thereafter said employees were fired.

29. Due to not being able to review the documents with her husband or not having it explained by the Spanish interpreter, Plaintiff refused to sign as

4

she didn't understand what she was being asked to sign. As a result, the employer fired her and escorted her off the premises.

## COUNT I

### (HOSTILE WORK ENVIRONMENT/DISCRIMINATION)

30. Plaintiff re-alleges the allegations of paragraphs 1 through 29 as if set forth verbatim herein.

31. Plaintiff was subject to unwelcome harassment, discrimination and a hostile work environment on account of her race, national origin, age and disability.

32. The comments made to Plaintiff were permeated with discriminatory intimidation, ridicule and insult creating an abusive work environment and resulting in termination of her employment.

33. The above mentioned allegations demonstrate that a term, condition, and/or privilege of Plaintiff's employment was affected by the harassment, discrimination and hostile work environment.

34. Defendant was aware of the harassment and discriminatory conduct but failed to take appropriate action.

35. As a direct and proximate result of the hostile work environment and discrimination based on race, national origin and disability Plaintiff has suffered lost wages, lost benefits, undue hardship, great emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life, damage to her reputation, which entitles her to compensatory damages.

36. Defendant should reinstate Plaintiff and/or be required to pay Plaintiff damages.

37. Plaintiff has incurred, and will continue to incur attorney's fees and costs in this matter, and Defendant should be ordered to pay Plaintiff for reasonable attorney's fees and costs.

38. Further Plaintiff is entitled to punitive and/or compensatory damages for violation of federal claims related to race, national origin and disability discrimination.

## COUNT II
### (DISABILITY)

39. Plaintiff re-alleges the allegations of paragraphs 1 through 38 as if set forth verbatim therein.

40. Plaintiff was discriminated against when Defendant refused to accommodate the Plaintiff to allow her to sufficiently recover from her injuries, treated her differently because of her disability, terminating her due to her disability, and/or refusing to allow her to work at other positions within her restrictions.

41. The foregoing actions constitute a willful violation of the ADA. Plaintiff was discriminated against when the Defendant refused to accommodate the Plaintiff in an available position wherein she could perform the essential functions of that position or to conduct activities outside her restrictions. Further she was discriminated against by her employer requesting she conduct work faster or criticized her because of her disabilities

42. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer lost wages, undue hardship, great emotional distress, humiliation, embarrassment, inconvenience, loss of enjoyment of life, damage to her reputation, which entitles her to compensatory damages and incurred attorney fees and costs.

43. Plaintiff is entitled to punitive and/or compensatory damages.

## COUNT III

## AGE DISCRIMINATION

44. Plaintiff re-alleges the allegations of Paragraphs 1 through 43 as if set forth verbatim herein.

45. Plaintiff is currently 53 years old

46. Plaintiff's supervisors would tell her to work faster, although she had injuries and restrictions pertaining to her shoulder. The supervisors also made comments implying she was old and slow.

47. Plaintiff asserts her supervisors wanted to replace her with younger employees on the perceived notion the younger employees would work faster.

48. The above-mentioned allegations demonstrate that a term, condition, and/or privilege of Plaintiffs employment was affected by discrimination.

49. The unlawful employment practices complained of above were willful and intentional and demonstrated reckless disregard.

50. As a direct and proximate result of the hostile work environment, Plaintiff has suffered lost wages and benefits in excess of $40,000.

51. The Defendant should reinstate Plaintiff and/or be required to pay Plaintiff liquidated damages in an amount equal to the damages awarded to her as a result of Defendant's willful violation of the Age Discrimination Act

52. Plaintiff has incurred, and will continue to incur attorney's fees and costs in this matter, and Defendant should be ordered to pay Plaintiff for reasonable attorney's fees and costs.

## COUNT IV

### RETALIATORY DISCHARGE FOR PURSUING WORKERS COMPENSATION CLAIM

53. Plaintiff re-alleges the allegations contained in paragraphs 1 through 52 as if set forth verbatim herein.

54. That it is the fundamental and well defined public policy of the State of Nebraska to favor economic security for employees such as Plaintiff who are injured while performing their job duties during the course of their employment.

55. The Defendant engaged in a course of conduct and pattern and practice to obstruct the fundamental and well defined public policy to relieve injured workers, such as the Plaintiff from the adverse economic effects caused by the on job injuries suffered by her, in the following particulars:

    a. Ignoring Plaintiff's workers compensation claim and restrictions provided to by her doctors;

    b. Wrongfully terminating Plaintiff's employment for making a workers compensation claim.

56. That as a direct and proximate result of the Defendant's wrongful and retaliatory discharge of the Plaintiff for pursuing her protected rights under the Workers' Compensation Act and the Statutes of the State of Nebraska, the plaintiff has suffered special damages in lost income of approximately $40,000, which continues to increase, suffered general damages in extreme physical pain and suffering and mental suffering and anguish, which will continue to in the future.

## COUNT V

### DISCRIMINATION 42 USC 1981

57. Plaintiff re-alleges the allegations contained in paragraphs 1 through 56 as if set forth verbatim herein.

8

58. Plaintiff alleges that she was discriminated against and treated less favorably than similarly situated non-Hispanic employees, on the basis of her race, and denied the same benefits, privileges and entitlements, as similarly situated non Hispanics, all in violation of his rights under 42 U.S.C. 1981.

59. The discriminatory and harassing conduct of the Defendant has resulted in Plaintiff being subjected to a hostile work environment and resulted in Plaintiff being terminated and subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other related damages.

60. The discriminatory conduct of the Defendant was/is intentional, knowing, willful, and in reckless disregard of the federally protected rights under Section 1981, warranting an imposition of punitive damages.

61. As a direct and proximate result of Defendant's conduct, plaintiff prays for a judgment against the Defendant for compensatory damages/punitive damages, pecuniary damages, reasonable attorneys' fees and costs, and all other just and proper relief as asserted in the Prayer for Relief below.

## COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff re-alleges the allegations contained in paragraphs 1 through 61 as if set forth verbatim herein.

63. Plaintiff was subject to having pieces of meat thrown at her, threatened to be assaulted on numerous occasions, falsely accused of wanting to kill her co-workers, endured constant harassment in the form of profane language directed to her, required to work outside her physician mandated work restrictions, denied bathroom breaks and when injured at work, escorted out of the building while in intense pain, to wait for her husband to pick her up.

64. The actions by the employer and its employees were so extreme in degree that it went beyond all possible bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized community.

65. No reasonable person should be expected to endure the actions Plaintiff experienced from Defendant by and through its employees and tolerated by the Defendant.

66. As a result, Plaintiff has suffered from PTSD and is under medical care for said condition.

67. Plaintiff fears going out in public and seeing those representatives of Defendant who subjected Plaintiff to said conduct.

68. Via the doctrine of Respondeat Superior, the Defendant is liable.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare That the Defendant's conduct to be in violation or willful violation of the above mentioned statutes or in violation of law and hold Defendant liable for all causes of action raised by Plaintiff in this Action;

2. Re-instate Plaintiff to a position she is able to conduct within her work restrictions or in the alternative pay for her damages;

3. Award Plaintiff back pay and/or loss wages totaling over $40,000, plus pre-judgment interest in an amount to be proven at trial;

4. Award Plaintiff front and back pay;

5. Award punitive damages as allowed by law;

6. Award Plaintiff damages for medical bills incurred;

7. Award Plaintiff's a reasonable attorney's fee and costs of this action;

8. Award plaintiff damages for emotional distress, humiliation, embarrassment, injury to reputation, mental anguish, anxiety, general damages and compensatory damages' and

10

9. Grant Plaintiff such other and further relief as may be just and equitable.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

Dated this 6th day of August, 2023

Guadalupe Beerbohm, Plaintiff,

BY:/s/ *Douglas R. Novotny*

Douglas R. Novotny #22703
Novotny Law
18025 Oak Street Suite B
Omaha, NE. 68130
402-991-7643
doug@douglasnovotnylaw.com

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

St Louis District Office
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314)798-1960
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/09/2023

**To:**   Guadalupe B. Beerbohm
1478 County Road T
Ames, NE 68621

**Re:**   Guadalupe B. Beerbohm v. WHOLESTONE FARMS COOPERATIVE, INC.
EEOC Charge Number: 32E-2022-00281

EEOC Representative and email:   Joseph J. Wilson
State, Local & Tribal Program Manager
Joseph.Wilson@EEOC.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: David Davis 5/9/2023
David Davis
Acting District Director

cc:   Leigh Campbell Joyce
Baird Holm
1700 Farnam St, Ste 1500
Omaha, NE 68102